**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DIANE C. JONES,**

                    **Plaintiff,**           5:11-cv-372
                                                            (GLS)

              v.

**MICHAEL ASTRUE,** Commissioner of
Social Security,

                    **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Olinsky Law Group | HOWARD D. OLINSKY, ESQ. |
| 300 S. State Street | |
| 5th Floor, Suite 520 | |
| Syracuse, NY 13202 | |
| | |
| **FOR THE DEFENDANT:** | |
| HON. RICHARD S. HARTUNIAN | TOMASINA DIGRIGOLI |
| United States Attorney | Special Assistant U.S. Attorney |
| 100 South Clinton Street | |
| Syracuse, NY 13261 | |
| | |
| Mary Ann Sloan | |
| Regional Chief Counsel | |
| Social Security Administration | |
| Office of General Counsel, Region II | |
| 26 Federal Plaza, Room 3904 | |
| New York, NY 10278 | |

**Gary L. Sharpe**
**Chief Judge**

                              **MEMORANDUM-DECISION AND ORDER**

## I. Introduction

Plaintiff Diane C. Jones challenges the Commissioner of Social Security's denial of disability insurance benefits (DIB) and supplemental security income (SSI), seeking judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3).  (*See* Compl., Dkt. No. 1 at 1.)  After reviewing the administrative record and carefully considering Jones' arguments, the Commissioner's decision is reversed and remanded.

## II. Background

On June 20, 2007, Jones filed an application for DIB and SSI under the Social Security Act ("Act"), alleging disability beginning August 15, 2006.  (*See* Dkt. No. 11 at 1.)  After her application was denied, Jones requested a hearing before an Administrative Law Judge (ALJ), which was held on September 22, 2009.  (*See* Tr.[1] at 378-407.)  On April 2, 2010, the ALJ issued a decision denying the requested benefits, which became the Commissioner's final decision upon the Social Security Administration Appeals Council's denial of review.  (*See* Tr. at 1-4, 14-23.)  Jones filed a subsequent application for SSI and was awarded benefits beginning

---

[1] Page references preceded by "Tr." refer to the consecutively-paginated Administrative Transcript in this case.  (*See* Dkt. Nos. 9, 17.)

2

February 28, 2011, thereby narrowing the temporal scope of this appeal to the period between August 15, 2006 and February 28, 2011. (*See* Dkt. No. 11 at 2.)

Jones commenced the present action by filing a complaint on April 5, 2011, seeking review of the Commissioner's determination. (*See* Compl.) The Commissioner filed an answer, certified copy of the administrative transcript, and a supplemental transcript. (*See* Dkt. Nos. 7, 9, 17.) Both parties, seeking judgment on the pleadings, filed a brief. (*See* Dkt. Nos. 11, 19.)

### III.  Contentions

Jones contends that the Commissioner's decision was arrived at through improper legal standards and is unsupported by substantial evidence. (*See generally* Dkt. No. 11.) Specifically, Jones claims that the ALJ: (1) failed to properly assess the severity of her conditions; (2) afforded insufficient weight to the opinion of her treating cardiologist; (3) improperly discounted her credibility; and (4) relied upon vocational expert testimony that was based on an incomplete hypothetical question. (*See* Dkt. No. 11 at 17-24.) The Commissioner counters that the ALJ employed the proper legal standards and that his decision is supported by substantial

3

evidence.  (*See generally* Dkt. No. 19.)

## IV.  Facts

The evidence in this case is undisputed and the court adopts the parties' factual recitations.  (*See* Dkt. No. 11 at 2-17; Dkt. No. 19 at 2-6.)

## V.  Standard of Review

The standard for reviewing the Commissioner's final decision under 42 U.S.C. § 405(g) is well established and will not be repeated here.  For a full discussion of the standard and the five-step process used by the Commissioner in evaluating whether a claimant is disabled under the Act, the court refers the parties to its previous opinion in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).

## VI.  Discussion

Jones contends first that the ALJ erroneously omitted consideration of her depressive disorder and carpal tunnel syndrome from the step-two severity analysis.  (*See* Dkt. No. 11 at 18-20.)  The Commissioner counters that the ALJ properly considered both conditions.  (*See* Dkt. No. 19 at 9-10.)  While the court concurs with the Commissioner on the question of depressive disorder, it agrees with Jones that remand is necessary as to

4

the omission of carpal tunnel syndrome.

At step two of the sequential analysis, the ALJ must "determine whether the claimant has a severe impairment." *Christiana*, 2008 WL 759076, at *3; *see* 20 C.F.R. §§ 404.1520(a)(4)(ii), (c), 416.920(a)(4)(ii), (c). The omission of an impairment at step two may be deemed harmless error, particularly where the disability analysis continues and the ALJ later considers the impairment in his residual functional capacity (RFC) determination. *See Tryon v. Astrue*, No. 5:10-CV-537, 2012 WL 398952, at *4 (N.D.N.Y. Feb. 7, 2012); *see also Plante v. Astrue*, No. 2:11-CV-77, 2011 WL 6180049, at *4 (D. Vt. Dec. 13, 2011).

Here, the ALJ found that Jones suffered from the following severe impairments: obesity; degenerative disc disease; arthritis; sleep apnea; and chest pain post pacemaker for sinus node dysfunction. (*See* Tr. at 16.) Failing to consider Jones' alleged depressive disorder and carpal tunnel syndrome at step two, therefore, did not derail the sequential analysis. During the subsequent RFC determination, the ALJ found that Jones suffered from no psychological or emotional impairments, citing as support her own testimony to that effect. (*See* Tr. at 18.) Because Jones' psychological and emotional health was assessed at the RFC stage, any

error committed by the ALJ in omitting depression at step two is rendered harmless.  *See Tryon*, 2012 WL 398952, at *4.

Unlike Jones' emotional and psychological health, the ALJ's decision is devoid of any mention of carpal tunnel syndrome.  (*See generally* Tr. at 14-23).  The Commissioner seeks to justify this omission by noting that Dr. Jon Loftus did not definitively diagnose Jones with carpal tunnel syndrome, but instead merely indicated the possibility that she suffered from a "mild" form of the condition.  (*See* Dkt. No. 19 at 10.)  While such a fleeting mention may justify omission, the Commissioner fails to note that consultative physician Kalyani Ganesh—whose opinion was afforded great weight by the ALJ, (*see* Tr. at 20)—also indicated that Jones suffered from "left carpal tunnel syndrome," which caused her hand to go numb when she performed activities "such as braiding hair or holding mail."  (Tr. at 342.)  Furthermore, at her hearing, Jones told the ALJ that she no longer crochets because, as a result of her carpal tunnel syndrome, her "hand starts to go numb."  (Tr. at 396.)  Accordingly, the ALJ's failure to consider Jones' alleged carpal tunnel syndrome—either at step two or in the RFC analysis—requires remand.  Because Jones' additional contentions relate to purported errors at later stages of the sequential analysis, it would be

6

premature of the court to address them at this juncture.  *See Christiana*, 2008 WL 759076 at *3.

### VII.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for proceedings consistent with this Order; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

June 13, 2012
Albany, New York

_____
Gary L. Sharpe
Chief Judge,
U.S. District Court